UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | CASE NO. 15-11166-tmd | |
| RUSSELL WADE COLLIAU and, § | | |
| MARCI KAM COLLIAU, § | | |
| § | CHAPTER 7 | |
| Debtors. § | | |

| | | |
|---|---|---|
| ROY A. HIGGS, Individually and on § | | |
| Behalf of INSPECTION MANAGEMENT § | | |
| SYSTEMS, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | ADV. NO. 15-01118-tmd | |
| § | | |
| RUSSELL WADE COLLIAU and § | | |
| MARCI KAM COLLIAU, § | | |
| Defendants. § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE TONY M. DAVIS, U. S. BANKRUPTCY JUDGE:

COMES NOW ROY A. HIGGS ("Higgs"), Plaintiff in the above-captioned and numbered adversary proceeding, and files this Plaintiff's Response to Defendants' Motion to Compel Discovery, and would show the Court as follows.

**I. Background**

1. This adversary proceeding arises out a final judgment ("Judgment")[1] in favor of Higgs entered in a California state court lawsuit. That lawsuit centered around a myriad of improper financial transactions orchestrated and carried out by Defendants Russell and Marci Colliau. Those transactions were intended to divert the funds and other resources of Inspection Management Systems, Inc. ("IMS"), a company formed by Higgs and Russell Colliau

---
[1] A copy of the Judgment is attached as *Exhibit 1*.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY

2571172.1

("Colliau"), for the benefit of the Colliaus and three other companies (the "Corporate Defendants") they owned and controlled.[2] By virtue of his complete control over the Corporate Defendants and IMS, at the time the California lawsuit was filed Colliau had exclusive possession of the very documents (in particular, the records of the financial transactions between Colliaus and the Corporate Defendants[3]) critical to proving liability and damages.[4] When Higgs requested them in discovery, those records were intentionally withheld, destroyed, or materially altered.[5] The retired California court of appeals justice serving as Discovery Referee concluded that Colliau had the "central role" in the Corporate Defendants' spoliation of evidence and failure to comply in discovery[6]. Because of the critical nature of the records at issue, the Discovery Referee and the California trial court concluded that the only effective sanction for such misconduct was entry of a default judgment.[7]

2. After the Discovery Referee's Findings were issued, Colliau and the Corporate Defendants miraculously came up with what they claimed were copies obtained from third parties of documents responsive to Higgs' discovery requests. Both the trial court and the California court of appeals held that the untimely production of copies from third parties would

---

[2] See Plaintiff's Verified Second Amended Complaint attached hereto as *Exhibit 2*.
[3] Defendants prepared and maintained the QuickBooks and other records of IMS. Even now, Colliau (as sole director and majority shareholder) has the right to access all IMS information; Higgs, on the other hand, does not. Further, IMS (which was represented by separate counsel), produced 19 boxes of documents. The Colliaus had access to that production at the time, and those records remain available to them through the Colliaus' ongoing relationship with their trial counsel Michael McClelland.
[4] See Findings and Recommendations of the Discovery Referee Set No. 4 ("Findings"), attached as *Exhibit 3*, at p. 10, and Order After Hearing on Objections to Referee's Findings and Recommendations No. 4 ("Order"), attached as *Exhibit 4*, at p. 4.
[5] Findings at pp. 8-10 and Order at pp. 2-4.
[6] Findings at p. 11.
[7] Findings at p. 10; Order at p. 4. The California appellate court agreed, referring to the misconduct of Colliau and the Corporate Defendants as "egregious." Opinion of Court of Appeal of California, Third Appellate District, in Case No. C074571 styled *Roy Higgs, Plaintiff and Respondent, v. United Professional Real Estate Inspectors, Inc., et al., Defendants and Appellants*, filed May 21, 2015 ("Appellate Opinion"), a copy of which is attached as *Exhibit 5*, at p. 3.

not excuse the destruction or secretion of the original documents, and refused to consider them.[8] Those are the documents that comprise what Defendants describe in paragraph 17 as "ten boxes of unidentified/uncategorized documents at Plaintiff's home in California." The untimely production was not reviewed by Higgs or his counsel because both the trial court and the appellate court ruled these documents wholly irrelevant. Higgs has nevertheless produced Defendants' production back to them in accordance with Rule 34(b)(2)(E)(1), which provides that the responding party may make the requested documents available for the requesting party's inspection, instead of reviewing the files itself and producing copies of relevant documents.

## II. The Scope of Discovery for Purposes of This Adversary Proceeding

3. As a result of the Order, all facts alleged in the Second Amended Complaint (including the impropriety of the financial transactions involving Defendants and the Corporate Defendants) were deemed admitted by the Corporate Defendants.[9] In accordance with the Order, the damages that resulted from such wrongful conduct were established at a "prove up" hearing.[10] Under California law, the Judgment constitutes a "complete adjudication of all the rights of the parties embraced in the prayer for relief and arising out of the facts stated in the complaint."[11] Such matters cannot be relitigated by the Corporate Defendants or any other party bound by the Judgment.

4. The threshold question in this adversary proceeding is whether Defendants are bound by the Judgment under principles of res judicata and/or collateral estoppel. That inquiry neither requires nor permits relitigation of disputes concerning the transactions complained of in

---

[8] Order at p. 4; Appellate Opinion at p. 4.
[9] Appellate Opinion at p. 6.
[10] All complaints associated with the "prove up" hearing were expressly rejected by the appellate court. Appellate Opinion at p. 5.
[11] Appellate Opinion at p. 6.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY

3

2571172.1

the Second Amended Complaint. Instead, the primary issue here is whether the requisite relationship existed between Defendants and the Corporate Defendants in connection with the California state court litigation itself.

5. With a couple of exceptions, Defendants' Request for Production strays far afield from the question at hand. The Request is largely duplicative of discovery Defendants conducted in the California lawsuit concerning transactions whose impropriety has been established. Ironically, in some instances the Request seeks production of the very documents Colliau and the Corporate Defendants withheld, destroyed or materially altered. In other instances, the Request seeks materials the California court previously determined are not discoverable, or that are irrelevant even to the underlying dispute, Defendants have elected not to conduct discovery in accordance with the Rules. Higgs has every right to insist that they do.

### III. Bases for Protection as to Each of the Six (6) Identified Requests

6. Defendants' Motion identifies six (6) Requests[12] as to which relief is sought; each is discussed more fully below. In each instance, Higgs has lodged a proper objection, has produced responsive documents, or has done both.[13] Higgs requests that his objections[14] be sustained, that the Court enter an order under Rule 26(c)(1)(A) that the requested discovery not be had, and that Defendants' Motion be denied in all respects.

    a. <u>Request No. 10</u>[15] - capital contributions to IMS

This Request seeks production of every scrap of paper having anything to do with every capital contribution Higgs made to IMS. The capitalization of IMS is not a matter for decision in

---

[12] These are Request Nos. 10 (erroneously identified as 11), 18, 19, 20, 21 and 24.
[13] Higgs' Response to Defendants' First Request for Production, served May 23, 2016, is attached as <u>Exhibit 6</u>.
[14] Higgs incorporates by reference and reurges all objections and other matters set forth in his Response.
[15] Defendants' Motion refers to Request No. 11, but the discussion suggests that they intended to refer to Request No. 10. Higgs responds accordingly.

this adversary. Higgs objected on the grounds (i) that the unaltered books and records of IMS -- which reflect capital contributions by both parties -- are (or were) in the exclusive possession of the Colliaus, [16] (ii) that the Request fails to comply with Rule 34(b)(1)(A), (iii) that the Request is overly broad, and (iv) that the Request is unduly burdensome in that it calls for the production of documents that are not relevant to any issue before the Court. These objections are meritorious and should be sustained.[17]

From an abundance of caution, Higgs has produced documents relating to the software product he developed that was to be licensed to IMS.[18]

b. <u>Request No. 18</u> – Higgs' employment with a third party unrelated to Colliau or IMS

This Request seeks production of every scrap of paper having anything to do with Higgs' employment with a company called Avanade. Avanade has nothing to do with IMS or Colliau, and was never involved in the events giving rise to the California state court litigation, much less this adversary proceeding. Higgs objected on the grounds (i) that the Request fails to comply with Rule 34(b)(1)(A), (ii) that the Request is overly broad, (iii) that the Request is unduly burdensome in that it calls for the production of documents that are not relevant to any issue before the Court, and (iv) that the Request seeks production of employment records that are privileged under constitutional privacy rights. These objections are meritorious and should be sustained.

---

[16] Defendants prepared and maintained the QuickBooks and other records of IMS. As the sole director and majority shareholder, Colliau has the legal right and practical ability to have immediate access to any and all of IMS's records and information.

[17] Defendants prepared and maintained the QuickBooks and other records of IMS. As the sole director and majority shareholder, Colliau has the legal right and practical ability to have immediate access to any and all of IMS's records and information.

[18] See response to Request No. 7 at page 6 of the Response.

Defendants now claim -- "on information and belief" -- that the requested documents could possibly include information about some type of software Higgs might or might not have developed. Higgs didn't develop software for Avanade; but even if he had, any software, or statements (if any) he may have made about it, simply have nothing to do with whether Defendants are bound by the Judgment. Moreover, Request No. 18 is not even marginally tailored to the topic of software.

    c.    <u>Request No. 19</u> - tax returns

This Request seeks production of Higgs' state and federal tax returns for a 10-year period (2005 - 2015). Higgs objected on the grounds (i) that the Request is overly broad, (ii) that the Request is unduly burdensome in that it calls for the production of documents that are not relevant to any issue before the Court, and (iii) that the Request seeks production of records that are privileged under constitutional privacy rights. These objections are meritorious and should be sustained.

This Request duplicates a discovery request by Mrs. Colliau in the California litigation. The California court sustained Higgs' objections (including privilege and constitutional rights to privacy) and denied Mrs. Colliau's motion to compel production of these documents.[19] Further, the court sanctioned Mrs. Colliau and her counsel for pursuing such discovery through an award of $2,500 in attorneys' fees, payable to Higgs.

Defendants now attempt to justify this inquiry on the grounds that "what the Plaintiff is telling the taxing authorities about his ownership interest" in IMS should be "illuminating" on the issue of what his ownership interest in IMS actually is. First, what Higgs' ownership interest in IMS actually is -- or what his records might or might not reflect in that regard -- has no

---

[19] The court's order of June 1, 2011 ("Discovery Order") is attached as *Exhibit 7*.

relevance in this proceeding. Further, asset ownership is not typically reported on tax returns, and Defendants have made no showing of any exception here. What the taxpayer reports on his return is allocated income/loss as reflected on his Form K-1. Here, Colliau prepared or caused to be prepared every Form K-1 generated in connection with IMS. The requested discovery adds nothing, thus there is no interest that could outweigh Higgs' constitutional privacy rights.

      d.      <u>Request No. 20</u> - engagement of attorneys

This Request seek every scrap of paper having anything to do with Higgs' engagement of attorneys in connection with his claims against Defendants. Higgs objected on several stated bases, and advised that privileged material had been withheld. Defendants do not challenge the withholding of material under assertion of privilege. Higgs' objections are meritorious and should be sustained.

Higgs further stated that engagement letters (if any) of Barron & Newburger and Graves, Dougherty would be produced. As Defendants' concede, the engagement letter of Graves, Dougherty was produced. After a diligent search, no engagement letter for Barron & Newburger was found, and therefore none could be produced.

Higgs specifically objected to the request insofar as it related to Jeffrey Ochrach, his attorney in the California lawsuit. The amount of Ochrach's attorneys' fees recoverable by Higgs was adjudicated by the Judgment.[20] That is no longer a matter at issue. Higgs' objection should be sustained.

      e.      <u>Request No. 21</u> - attorneys' fees

This Request seeks production of every scrap of paper having anything to do with attorneys' fees paid or incurred by Higgs in connection with his claims against Defendants.

---

[20] See *Exhibit 1*, p. 2.

Higgs objected on several bases, and those objections should be sustained. Higgs also advised that privileged material had been withheld. Defendants do not challenge the withholding of material under assertion of privilege.

Higgs further stated that redacted invoices from Barron & Newburger and Graves, Dougherty would be produced. Defendants concede that redacted invoices reflecting fees incurred were produced. They take no issue with the redactions.

Defendants' Motion complains only about the absence of "payment records." There is no basis for discovery of "payment records" vis-à-vis any of Higgs' attorneys. With regard to Barron & Newburger and Graves, Dougherty, whether attorneys' fees have been paid is irrelevant to whether attorneys' fees can be recovered or what amount is reasonable. With regard to Ochrach, as stated above the amount of attorneys' fees (and damages) recoverable by Higgs was adjudicated by the Judgment. That is no longer a matter at issue.[21] Nor are Defendants permitted to go on a fishing expedition for so-called impeachment evidence. Higgs' payments to Ochrach are, at most, a collateral matter as to which extrinsic impeachment evidence (if any) would be inadmissible. Higgs' objections should be sustained.

    f.    <u>Request No. 24</u> - complaints filed by Higgs

This Request seeks every scrap of paper having anything to do with any complaint by Higgs to a governmental agency concerning Defendants and a variety of others. Defendants' Motion alleges that, "on information and belief," Higgs filed complaints against Defendants' counsel and accountants, and with the local zoning commission regarding the Colliaus' use of residential property as an office. Once again, Defendants assert that this discovery is warranted

---

[21] This only becomes an issue if and when this Court issues a judgment against the Colliaus in favor of Higgs. Local Rules then has a procedure for awarding attorneys' fees.

on the off-chance that one of these complaints might include something that could be used for impeachment.

Defendants' asserted basis for discoverability is less than marginal. Even if this Request were limited solely to complaints actually filed with governmental agencies -- and it clearly is much broader than that -- Defendants cannot identify even one bit of information they in good faith expect to discover that would likely be admissible. Nor can they articulate any aspect of relevancy as to what Higgs may have said concerning the lawyers, the accountants, or a building. Finally, the public records of government agencies are equally available to both sides.

Higgs's objections are meritorious and should be sustained.

### IV. Production of Documents Concerning Damages

7. Defendants' Motion alleges, in paragraph 19, that "Plaintiff has failed to produce any documents which prove any damages." Defendants fail to identify any specific Request with which they claim Higgs failed to comply, and we are aware of none. By way of example, Higgs responded fully and produced documents pursuant to Request No. 25, which seeks documents concerning his damages. No failure to comply has been identified, thus there is no basis for an order compelling compliance.

8. As discussed more fully above, the California court entered Judgment against the Corporate Defendants for the damages resulting from improper transactions involving them and Defendants. Higgs intends to show that Defendants are bound by that Judgment, including the damages award. But in any event, the transactions are what they are, and the damages they caused are the same whether viewed from the perspective of one participant group (the Corporate Defendants) or the other (Defendants). Those damages are established by the Judgment, which was affirmed by the California appellate court.

9. Defendants may intend to attempt some sort of collateral attack on the Judgment. For example, they suggest the "prove up" hearing was *ex parte*, and the award was not supported by "documentary evidence". The Corporate Defendants, under Colliau's direction, attempted a direct attack on the Judgment with essentially these same complaints.[22] The California appellate court squarely rejected such challenges.

### V. Prayer for Relief

Wherefore, premises considered, for the reasons set forth herein, Plaintiff Roy A. Higgs respectfully requests that his objections be sustained, that the court enter an appropriate protective order under Rule 26(b)(c), and that Defendants' Motion to Compel be denied in all respects.

Respectfully submitted,

GRAVES DOUGHERTY HEARON & MOODY, P.C.
401 Congress Ave., Suite 2200
Austin, Texas 78701
512.480.5707
512.480.5886 Fax

By: /s/ James V. Hoeffner
James V. Hoeffner
State Bar No. 09772700
email: jhoeffner@gdhm.com
Kathryn E. Allen
State Bar No. 01043100
Email: kallen@gdhm.com
Brian T. Cumings
State Bar No. 24082882
email: bcumings@gdhm.com

**COUNSEL FOR PLAINTIFF, ROY A. HIGGS**

---

[22] Appellate Opinion at p. 5.

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY

10

2571172.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service or service was made by U.S. First Class Mail.

Michael Baumer
Law Office of Michael Baumer
7600 Burnet Road, Suite 530
Austin, TX 78757
*Defendants' Counsel*

Russell Wade Colliau                                     *Via U.S. First Class Mail*
118 Snapper
Lakeway, TX 78734
*Defendant*

Marci Kam Colliau                                             *Via U.S. First Class Mail*
118 Snapper
Lakeway, TX 78734
*Defendant*

Ron Satija
Chapter 7 Trustee
P.O. Box 660208
Austin, TX 78766-7208
*Interested Party in Adv. and Ch. 7 Trustee in Lead BK Case*

                                                        By:/s/ James V. Hoeffner
                                                            James V. Hoeffner